# Washburn-Crosby Company, Appellant, *v.* Budzowski.

*Sales—Affidavit of defense—Sufficiency.*

In an action of assumpsit for the price of flour, alleged to have been sold and delivered to the defendant, an affidavit of defense is sufficient, which denies the sale and delivery as averred in the

plaintiff's statement, and only admits an oral promise to pay the debt of another, contrary to the provisions of the Statute of Frauds.

Argued April 24, 1924.   Appeal, No. 172, April T., 1924, by plaintiff, from judgment of C. P. Lawrence Co., Sept. T., 1923, No. 74, discharging rule for judgment for want of a sufficient affidavit of defense, in the case of Washburn-Crosby Company, a Corporation, v. Marshall Budzowski.   Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.   Affirmed.

Assumpsit for goods sold and delivered.   Before EMERY, P. J.

Rule for judgment for want of a sufficient affidavit of defense.

The court discharged the rule.   Plaintiff appealed.

*Error assigned* was, among others, the order of the court.

*Edwin M. Underwood,* for appellant.

*H. A. Wilkison,* of *Akens & Wilkison,* for appellee.

PER CURIAM, July 2, 1924:

This is an appeal from the refusal of judgment for want of a sufficient affidavit of defense.   Plaintiff declares for the price of flour alleged to have been sold and delivered to defendant.   The affidavit denies the sale and delivery as averred in the statement and alleges that the flour was sold and delivered to the Peerless Baking Company, of Youngstown, Ohio, and that, at plaintiff's request, before delivery of the flour, defendant "orally guaranteed the payment of the purchase price......if not paid by" that vendee; and that judgment should be entered in his favor.   He added other averments to which we need not now refer.   If the allegations mentioned are true, (a) he neither bought nor received the flour; and

(b) he cannot be compelled to pay the debt of the vendee because his promise was not in writing, as required by the statute of frauds: Act of April 26, 1855, P. L. 308; Nugent v. Wolfe, 111 Pa. 471, 480.

Judgment affirmed.